United States District Court
Southern District of Texas
**ENTERED**
April 28, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| DARRYL BEY, TRUSTEE EX. RELATIONE § <br> DARRYL L. BANKSTON ESTATE, § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> MARILYN BURGESS, ET AL., § <br> *Defendants*. § | CIVIL ACTION NO. 4:22-CV-3862 |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is the Motion to Dismiss of Harris County District Attorney Kim Ogg and Harris County Assistant District Attorney Mick Sellergren.[1] ECF 16.  After the expiration of the 21-day time to respond set forth in Local Rule of the Southern District of Texas 7.3, Plaintiff filed a document titled "Response to 12(b)(6) M[otion] to Dismiss Complaint Against Defendants & Request for Oath of Bonds." ECF 32.  It is unclear if this filing was intended as a Response to the instant Motion to Dismiss, but it fails to address any issue raised by Defendants Ogg and Sellergran.  *Id.*  Having considered the parties' submissions and the law, the Court recommends that the Motion to Dismiss be GRANTED and Plaintiff's claims against Ogg and Sellergren be DISMISSED WITH PREJUDICE.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 19.

I.  Background

On September 26, 2022, Plaintiff was charged in Cause No. 24257301010 in Harris County Criminal Court at Law with the misdemeanor of interference with public duties.[2]  The Complaint, signed by Assistant District Attorney Mick Sellergren, alleged that Plaintiff "pull[ed] his arms away to prevent being taken out of the car, interrupting, disrupting, impeding, and interfering with N. Gonzalez, a peace officer, while N. Gonzalez was performing a duty and exercising authority imposed and granted by law."  As of this date, Plaintiff's criminal case remains pending.

Plaintiff, proceeding pro se and in forma pauperis, initiated this case on November 3, 2022 by filing a Complaint for a Civil Case naming multiple Harris County employees as Defendants and citing 42 U.S.C. §§ 1983, 1985, 1986, and 3617 as the basis for federal jurisdiction.  ECF 1.  Shortly thereafter, Plaintiff filed an Amended Complaint against the same Defendants titled "Original Tort Claim for Fraud; & Deprivation of Rights Under Color of Law Pursuant to 18 U.S. § 241; 18 U.S.C. § 242; 42 U.S.C. § 1983" (ECF 9). The Amended Complaint, as supplemented by his contemporaneously filed Affidavit, is Plaintiff's operative pleading. *Stewart v. City of Houston Police Dep't*, 372 F. App'x 475, 478 (5th Cir.

---

[2] Office of Harris County District Clerk - Marilyn Burgess | Case (Cause) Details 242575301010-2 (hcdistrictclerk.com) (last visited April 14, 2023).

2010) (holding that "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").

The Amended Complaint and Affidavit are difficult to decipher but appear to allege Plaintiff was falsely arrested and detained for over 30 hours and seeks "$3,705,000.00 payable in lawful money of .9999 fine silver bullion coins and/or bars for compensatory damages." ECF 9 at 4. Plaintiff attached about 100 pages of documents to his Amended Complaint, including a membership card in the Choctaw Nation and several documents titled "Writ of Quo Warranto," on letterhead of the "Moorish National Republic Federal Government," which he mailed to each Defendant. ECF 9-1–9-4.

Pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6), Harris County District Attorney Ogg and Harris County Assistant District Attorney Sellergren no move to dismiss all claims Plaintiff brought against them. ECF 16.

### II. Motion to Dismiss Standards

Defendants Ogg and Sellergren move to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). Rule 8(a) requires a pleading to contain a "short and plain" statement of the plaintiff's claim showing the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) and Rule 8(a) must be read in conjunction and together require a plaintiff must plead

"enough facts to state a claim to relief that is plausible on its face." *Doe v. Snap, Inc.*, No. CV H-22-590, 2022 WL 16635370, at *3 (S.D. Tex. Nov. 2, 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust*,

4

500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). In this case, the Court considers the Amended Complaint and the attachments thereto, as supplemented by Plaintiff's Affidavit, and takes judicial notice of documents filed in Harris County Criminal Court Cause No. 242575301010, which Plaintiff references in the attachments to his Amended Complaint and Defendants reference in their Motion. ECF 16 at 1 n.1.

### III. Analysis

As set forth below, Plaintiff's claims against Ogg and Sellergren should be dismissed with prejudice for multiple reasons.

#### A. All of Plaintiff's claims should be dismissed under § 1915(e).

Because Plaintiff is appearing in this case pro se, the Court must construe the Amended Complaint liberally. *Badaiki v. Schlumberger Holdings Corp.*, 512 F. Supp. 3d 741, 744 (S.D. Tex. 2021) (pro se filings must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." (citations omitted)). Therefore, the Court will consider Plaintiff's Affidavit (ECF 10), filed separately from his Amended Complaint, as a supplement to the Amended Complaint.

Plaintiff's Affidavit consists of a detailed description of events that occurred on September 27, 2022: his "conveyance" was pulled over by a peace officer driving

"a public land vessel" who requested Plaintiff produce his driver's license. ECF 10 at 1. Plaintiff declared "I wasn't driving, I was traveling, and I have a nationality card." *Id.* Plaintiff showed the officer "my appellation and signals that are on the card and concealed my home location." *Id.* at 2. Plaintiff refused to step out of his car. *Id.* The Officer pulled out his weapon and pulled Plaintiff out of the car. *Id.* The Officer called for backup and Plaintiff's wife recorded the incident. *Id.* at 3. Plaintiff had an asthma attack while sitting the back of the "hot public land vessel." *Id.* Plaintiff admits kicking the door of the vehicle and that the Officer allowed his wife to give him his asthma pump. *Id.* at 4. Plaintiff then states that the Officer "placed the public land vessel in 'D'" and "controlled the public land vessel . . . to travel" downtown to a brick structure. *Id.* at 5-6. Plaintiff then alleges in detail each routine step of the booking process, such as being asked to stand in a certain place, giving fingerprints, being told to sit, and having to wait before being released on a bond. *Id.* at 7-10.

Plaintiff was granted leave to file this case in forma pauperis pursuant to 28 U.S.C. § 1915. *See* Civil Action No. 4:22-MC-01851. When a plaintiff proceeds under § 1915, the court "shall dismiss the case at any time if the court determines" that the case is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (emphasis added); *Provino v. Suisse*, No. 1:21-CV-143, 2021 WL 3751163, at *2 (E.D. Tex. July 28, 2021) (recommending

sua sponte dismissal under 28 U.S.C. § 1915(e)(2) because "Plaintiff's claims are improbable, attenuated, unsubstantial, frivolous, and devoid of merit."). None of the allegations in the Amended Complaint and Affidavit support a claim for violation of Plaintiff's civil rights. Plaintiff's Affidavit is generally consistent with the facts recited in the state court criminal case. In addition, numerous district courts in the Fifth Circuit have dismissed similar "Moorish American" claims as factually and legally frivolous. *Bryant v. Fort Worth Police Dep't*, No. 4:20-CV-078-O, 2021 WL 793756, at *2 (N.D. Tex. Mar. 2, 2021) (collecting cases). Because Plaintiff's claims are frivolous and devoid of merit, they should be dismissed under § 1915(e) in addition to the specific grounds discussed below.

### B. Plaintiff cannot assert claims under criminal statutes.

To the extent Plaintiff intends to assert claims under 18 U.S.C. §§ 241 and 242, the claims should be dismissed because the criminal statutes do not provide for a private right of action. *Smith v. Collier*, No. CV H-22-3686, 2022 WL 17650597, at *5 (S.D. Tex. Dec. 13, 2022) (citing *Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021)); *Gill v. State of Texas*, 153 F. App'x 261, 262 (5th Cir. 2005) (affirming dismissal of plaintiff's claims as frivolous because "18 U.S.C. §§ 241 and 242 do not provide a basis for civil liability.").

### C. Plaintiff fails to allege conduct by these Defendants.

Plaintiff's Amended Complaint and Affidavit fail to attribute any conduct to Ogg and Sellergren and, therefore, fail to state any claim for relief against them. *Jackson v. Hickman*, No. CV H-16-1721, 2016 WL 5720822, at *3 (S.D. Tex. Sept. 29, 2016) (explaining that "there must be some showing of personal involvement by a particular individual defendant to prevail against such individual."). Although Sellergren signed the Complaint in the state criminal case against Plaintiff, Plaintiff has not alleged any facts to support a plausible claim for relief arising from that bare fact.

### D. Plaintiff cannot state a claim against Ogg based on respondeat superior.

Having failed to allege any facts demonstrating that Ogg was personally involved in the alleged false arrest and detention, Plaintiff also cannot assert vicarious liability against Ogg as the District Attorney of Harris County. The Fifth Circuit has held that personal involvement of an individual defendant is an essential element of a civil rights claim. *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987) (holding that a supervisor may be liable under § 1983 only if personally involved in the constitutional deprivation or if there is a causal connection between the individual's conduct and the constitutional deprivation). In other words, no respondeat superior, or vicarious liability exists under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating "Section 1983 will not support a claim

based on a respondeat superior theory of liability."); *Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999) (same).

### E. Plaintiff's claims are barred by absolute prosecutorial immunity.

It is well-established that prosecutors have absolute immunity from liability for monetary damages for acts taken as advocates for the state. *Burns v. Reed*, 500 U.S. 478, 486 (1991) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) for holding that a prosecutor is immune from damages for conduct "in initiating a prosecution and in presenting the State's case"). Prosecutorial immunity applies even if the Plaintiff establishes that the prosecutor's "malicious or dishonest conduct deprived him of liberty." *Imbler*, 424 U.S. at 427.

Although Plaintiff's factual allegations are deficient, his reference to false arrest and detention and citation to his criminal case make clear that his claims against Ogg and Sellergren relate to the decision to file misdemeanor charges against him for interfering with the duties of a public servant. Thus, Ogg's and Sellergren's allegedly wrongful acts were undertaken in their roles as advocates for the state. *Id.* Plaintiff's claims should be dismissed because Ogg and Sellergren are protected from suit by absolute prosecutorial immunity.

## IV. Conclusion and Recommendation

For the reason discussed above, the Court RECOMMENDS that Defendants' Motion to Dismiss (ECF 16) be GRANTED and Plaintiff's claims against Kim Ogg and Mick Sellergren be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 28, 2023, at Houston, Texas.

Christina A. Bryan<br>
United States Magistrate Judge