United States District Court
Southern District of Texas

**ENTERED**
April 28, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DARRYL BEY, TRUSTEE EX. RELATIONE DARRYL L. BANKSTON ESTATE, *Plaintiff*, | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:22-CV-3862 |
| MARILYN BURGESS, ET AL., *Defendants*. | § § § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is the Motion to Dismiss of Defendant Sheriff Ed Gonzalez.[1] ECF 24. After the expiration of the 21-day time to respond set forth in Local Rule of the Southern District of Texas 7.3, Plaintiff filed a document titled "Response to 12(b)(6) M[otion] to Dismiss Complaint Against Defendants & Request for Oath of Bonds." ECF 32. It is unclear whether this filing was intended as a Response to the instant Motion to Dismiss, but it fails to address any issue raised by Sheriff Gonzalez. *Id.* Having considered the parties' submissions and the law,

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 19.

the Court recommends that the Motion to Dismiss be GRANTED and Plaintiff's claims against Sheriff Gonzalez be DISMISSED WITH PREJUDICE.

I.  **Background**

On September 26, 2022, Plaintiff was charged in Cause No. 24257301010 in Harris County Criminal Court at Law with the misdemeanor of interference with public duties.[2]  The Complaint, signed by Assistant District Attorney Mick Sellergren, alleged that Plaintiff "pull[ed] his arms away to prevent being taken out of the car, interrupting, disrupting, impeding, and interfering with N. Gonzalez, a peace officer, while N. Gonzalez was performing a duty and exercising authority imposed and granted by law."  As of this date, Plaintiff's criminal case remains pending.

Plaintiff, proceeding pro se and in forma pauperis, initiated this case on November 3, 2022 by filing a Complaint for a Civil Case naming multiple Harris County employees as Defendants and citing 42 U.S.C. §§ 1983, 1985, 1986, and 3617 as the basis for federal jurisdiction.  ECF 1.  Shortly thereafter, Plaintiff filed an Amended Complaint against the same Defendants titled "Original Tort Claim for Fraud; & Deprivation of Rights Under Color of Law Pursuant to 18 U.S. § 241; 18

---

[2] Office of Harris County District Clerk - Marilyn Burgess | Case (Cause) Details 242575301010-2 (hcdistrictclerk.com) (last visited April 14, 2023).

U.S.C. § 242; 42 U.S.C. § 1983" (ECF 9). The Amended Complaint, as supplemented by his contemporaneously filed Affidavit, is Plaintiff's operative pleading. *Stewart v. City of Houston Police Dep't*, 372 F. App'x 475, 478 (5th Cir. 2010) (holding that "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").

The Amended Complaint and Affidavit are difficult to decipher but appear to allege Plaintiff was falsely arrested and detained for over 30 hours and seeks "$3,705,000.00 payable in lawful money of .9999 fine silver bullion coins and/or bars for compensatory damages." ECF 9 at 4. Plaintiff attached about 100 pages of documents to his Amended Complaint, including a membership card in the Choctaw Nation and several documents titled "Writ of Quo Warranto," on letterhead of the "Moorish National Republic Federal Government," which he mailed to each Defendant. ECF 9-1–9-4.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Sheriff Ed Gonzalez now moves to dismiss all claims Plaintiff brought against him. ECF 24.

## II. Motion to Dismiss Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

3

550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D.

Tex. 2011). In this case, the Court considers the Amended Complaint and the attachments thereto, as supplemented by Plaintiff's Affidavit, and takes judicial notice of documents filed in Harris County Criminal Court Cause No. 242575301010, which Plaintiff references in the attachments to his Amended Complaint and Defendant references in his Motion. ECF 24 at 2.

### III. Analysis

As set forth below, Plaintiff's claims against Sheriff Gonzalez should be dismissed with prejudice for multiple reasons.

#### A. All of Plaintiff's claims should be dismissed under § 1915(e).

Because Plaintiff is appearing in this case pro se, the Court must construe the Amended Complaint liberally. *Badaiki v. Schlumberger Holdings Corp.*, 512 F. Supp. 3d 741, 744 (S.D. Tex. 2021) (pro se filings must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." (citations omitted)). Therefore, the Court will consider Plaintiff's Affidavit (ECF 10), filed separately from his Amended Complaint, as a supplement to the Amended Complaint.

Plaintiff's Affidavit consists of a detailed description of events that occurred on September 27, 2022: his "conveyance" was pulled over by a peace officer driving "a public land vessel" who requested Plaintiff produce his driver's license. ECF 10

at 1. Plaintiff declared "I wasn't driving, I was traveling, and I have a nationality card." *Id.* Plaintiff showed the officer "my appellation and signals that are on the card and concealed my home location." *Id.* at 2. Plaintiff refused to step out of his car. *Id.* The Officer pulled out his weapon and pulled Plaintiff out of the car. *Id.* The Officer called for backup and Plaintiff's wife recorded the incident. *Id.* at 3. Plaintiff had an asthma attack while sitting the back of the "hot public land vessel." *Id.* Plaintiff admits kicking the door of the vehicle and that the Officer allowed his wife to give him his asthma pump. *Id.* at 4. Plaintiff then states that the Officer "placed the public land vessel in 'D'" and "controlled the public land vessel . . . to travel" downtown to a brick structure. *Id.* at 5-6. Plaintiff then alleges in detail each routine step of the booking process, such as being asked to stand in a certain place, giving fingerprints, being told to sit, and having to wait before being released on a bond. *Id.* at 7-10.

Plaintiff was granted leave to file this case in forma pauperis pursuant to 28 U.S.C. § 1915. *See* Civil Action No. 4:22-MC-01851. When a plaintiff proceeds under § 1915, the court "shall dismiss the case at any time if the court determines" that the case is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (emphasis added); *Provino v. Suisse*, No. 1:21-CV-143, 2021 WL 3751163, at *2 (E.D. Tex. July 28, 2021) (recommending

sua sponte dismissal under 28 U.S.C. § 1915(e)(2) because "Plaintiff's claims are improbable, attenuated, unsubstantial, frivolous, and devoid of merit."). None of the allegations in the Amended Complaint and Affidavit support a claim for violation of Plaintiff's civil rights. Plaintiff's Affidavit is generally consistent with the facts recited in the state court criminal case. In addition, numerous district courts in the Fifth Circuit have dismissed similar "Moorish American" claims as factually and legally frivolous. *Bryant v. Fort Worth Police Dep't*, No. 4:20-CV-078-O, 2021 WL 793756, at *2 (N.D. Tex. Mar. 2, 2021) (collecting cases). Because Plaintiff's claims are frivolous and devoid of merit, they should be dismissed under § 1915(e) in addition to the specific grounds discussed below.

**B. Plaintiff cannot assert claims under criminal statutes.**

To the extent Plaintiff intends to assert claims under 18 U.S.C. §§ 241 and 242, the claims should be dismissed because the criminal statutes do not provide for a private right of action. *Smith v. Collier*, No. CV H-22-3686, 2022 WL 17650597, at *5 (S.D. Tex. Dec. 13, 2022) (citing *Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021)); *Gill v. State of Texas*, 153 F. App'x 261, 262 (5th Cir. 2005) (affirming dismissal of plaintiff's claims as frivolous because "18 U.S.C. §§ 241 and 242 do not provide a basis for civil liability.").

### C. Plaintiff fails to allege conduct by Sheriff Gonzalez.

Plaintiff's Amended Complaint and Affidavit fail to attribute any conduct to Sheriff Gonzalez and therefore, fail to state any claim for relief against him. *Jackson v. Hickman*, No. CV H-16-1721, 2016 WL 5720822, at *3 (S.D. Tex. Sept. 29, 2016) (explaining that "there must be some showing of personal involvement by a particular individual defendant to prevail against such individual.").

Having failed to allege facts demonstrating that Gonzalez was personally involved in the alleged false arrest and detention, Plaintiff also cannot assert vicarious liability against him as Sheriff. The Fifth Circuit has held that personal involvement of an individual defendant is an essential element of a civil rights claim. *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987) (holding that a supervisor may be liable under § 1983 only if personally involved in the constitutional deprivation or if there is a causal connection between the individual's conduct and the constitutional deprivation). In other words, no respondeat superior, or vicarious liability exists under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating "Section 1983 will not support a claim based on a respondeat superior theory of liability."); *Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999) (same).

## D. Sheriff Gonzalez is protected by qualified immunity.

Sheriff Gonzalez seeks dismissal based on qualified immunity. "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Est. of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Yet, Plaintiff has not asserted facts that, if true, state a plausible claim that Gonzalez violated any clearly established constitutional right. *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (explaining that a plaintiff seeking to overcome qualified immunity must plead specific facts that show, with equal specificity, "that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense.").

Plaintiff has not met his burden to come forward with any argument or evidence to overcome Defendants' qualified immunity defense. *Mitchell v. Mills*, 895 F.3d 365, 370 (5th Cir. 2018) (reversing district court's denial of qualified immunity because plaintiff did not meet his burden to overcome qualified immunity by showing a violation of his constitutional rights). Therefore, Plaintiff's claims should be dismissed as barred by Defendants' qualified immunity.

## IV.     Conclusion and Recommendation

For the reason discussed above, the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF 24) be GRANTED and Plaintiff's claims against Sheriff Ed Gonzalez be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 28, 2023, at Houston, Texas.

Christina A. Bryan<br>
United States Magistrate Judge